Granovsky & Sundaresh PLLC
Alexander Granovsky (AG-6962)
48 Wall Street
New York, NY 10005
ag@g-s-law.com
646-524-6001

Attorneys for Plaintiff Joseph Magliozzo

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————————
JOSEPH MAGLIOZZO on behalf of himself        :
and all others persons similarly situated    :
                                             : Civil Action No.:
        Plaintiff                            :
                                             :
        v.                                   : **COMPLAINT**
                                             : **and JURY DEMAND**
INDEPENDENCE MARITIME AGENCY, INC.,          :
PHYLLIS NOTIAS, individually, and NICHOLAS   :
X. NOTIAS, individually.                     :
                                             :
        Defendants.                          :
———————————————————————————————:

        Plaintiff Joseph Magliozzo on behalf of himself and all others similarly situated, upon

personal knowledge as to himself and upon information and belief as to other matters, by his

attorneys, GRANOVSKY & SUNDARESH PLLC, as and for his Complaint against Defendants

INDEPENDENCE MARITIME AGENCY, INC., PHYLLIS NOTIAS, individually, and

NICHOLAS NOTIAS, individually, alleges as follows:

## I.    NATURE OF THE CLAIMS

1.    This is an action for damages brought by Joseph Magliozzo ("Magliozzo" or "Plaintiff")

and all others similarly situated against Defendants INDEPENDENCE MARITIME AGENCY,

INC. ("IMA"), PHYLLIS NOTIAS, individually ("Phyllis"), and NICHOLAS NOTIAS,

individually ("Nicholas" and, collectively with IMA, "Defendants") for: unpaid wages from

Defendants, jointly and severally, for which he received no compensation at all pursuant to the FLSA, 29 U.S.C. §201 et seq., and New York Labor Law, §650 *et seq*. of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State labor Law) ("NYLL"), along with liquidated damages pursuant to the FLSA and NYLL.

2.      This action is brought by Plaintiff asserting that he is entitled to damages for Defendants' failure to comply with New York Labor Law §195 *et. seq*. by failing to supply Plaintiff with legally required wage notices and statements.

3.      Plaintiff and others similarly situated have been/are employed by Defendant in the shipping agency business.

4.      As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL with respect to Plaintiff and others similarly situated.  This policy and pattern or practice includes but is not limited to:

        A.      willfully failing to pay all of its employees, including Plaintiff, their wages for time worked;

        B.      willfully failing to accurately record all of the time Plaintiff and others similarly situated have worked for the benefit of Defendants;

        C.      willfully failing to supply Plaintiff and others similarly situated, proper notice of their respective rates of pay and basis thereof, including hourly rates of pay and overtime rates of pay; and

        D.      willfully failing to supply Plaintiff and others similarly situated with an accurate statement of wages.

5.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, N.Y. Exec. L. § 290 *et seq*., and N.Y.C. Admin. Code § 8-101 *et seq*.  The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8.     Plaintiff Magliozzo is and was, at all relevant times an adult individual residing in New Jersey.  Mr. Magliozzo's Consent to Become a Party Plaintiff is annexed hereto and marked as Exhibit A.

9.     Magliozzo worked for IMA from its offices at 39 Broadway in Manhattan and from his home in New Jersey.

10.     Upon information and belief, at all relevant times, Defendants Phyllis and Nicholas are the owners of IMA; Phyllis serves as the President and Nicholas serves as the Vice President of IMA.  Both Phyllis and Nicholas exercised substantial operational control over the functions of the employees of IMA, including, but not limited to hiring, supervision and compensation of employees.

11.     Upon information and belief, at all relevant times, Defendant Phyllis and Nicholas are controlling shareholders, officers and directors of IMA.

12.     At all relevant times, IMA was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and the NYLL.

13.     Upon information and belief, at all relevant times, IMA had gross revenues in excess of $500,000.00.

14.     Upon information and belief, at all relevant times, IMA has used goods produced in interstate commerce.

15.     Upon information and belief, IMA constitutes an "enterprise" as defined by the FLSA.

16.     At all relevant times, the IMA, Phyllis and Nicholas were an employer of Plaintiff and Plaintiff was employed by IMA, Phyllis and Nicholas within the meaning of the FLSA and NYLL.

17.     Defendants caused the violations set forth in this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons similarly situated who are or were formerly employed by Defendant since January 18, 2015 (three years before the filing of the Complaint in this case) to the entry of judgment in this case (the "FLSA Collective Action Period") who were employees within the meaning of the FLSA and who were not paid wages for all hours worked (the "FLSA Collective Action Plaintiffs").

19.     At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, are and have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful – and admitted – failure and refusal to pay them at all.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Action Plaintiffs.  Specifically, Plaintiff and FLSA

Collective Action Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Action Plaintiffs' rights.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Action Plaintiffs via first class mail and e-mail to the last address known to Defendants.

21.     The collective action is so numerous that joinder of all Plaintiffs is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently under the sole control of the Defendants, upon information and belief, there are more than ten Plaintiffs of the collective action who worked for Defendants during the FLSA Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

22.     Plaintiff will fairly and adequately protect the interests of the FLSA Collective Action Plaintiffs and has retained counsel that is experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interests that are contrary to or in conflict with those Plaintiffs of this collective action.

23.     The FLSA Collective Action Plaintiffs are similarly situated to Plaintiff in that they are or were denied payment of wages.

24.     They are further similarly situated in that Defendants have or had a policy and practice of knowingly and willfully refusing to pay wages.

25.    They are further similarly situated in that, upon information and belief, Defendants have engaged in a pattern and practice of altogether refusing to pay its employees their wages.

26.    They are further similarly situated in that, upon information and belief, Defendants have a policy and practice of failing to provide Plaintiff with statutorily required notice of wages or statements of his pay received in part so as to hide Defendants' violations of the wage and hour laws and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

27.    They are further similarly situated in that, upon information and belief, Defendants have a policy and practice of willfully disregarding and purposefully evading recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

28.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all Plaintiffs is impracticable.  Furthermore, inasmuch as the damages suffered by individual FLSA Collective Action Plaintiffs might be relatively small, the expense and burden of individual litigation make it virtually impossible for the Plaintiff or the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

29.    Questions of law and fact common to Plaintiffs of the collective action predominate over questions that may affect only individual Plaintiff because Defendants have acted on grounds generally applicable to all Plaintiffs.  Among the common questions of law and fact common to Plaintiff and the FLSA Collective Action Plaintiffs are:

    a.    whether Defendants employed Plaintiff and the FLSA Collective Action Plaintiffs within the meaning of the FLSA;

b.      whether Defendants failed to provide Plaintiff and the FLSA Collective Action Plaintiffs with a notice of wages explaining each employees' compensation.

c.      whether Defendants failed to pay Plaintiff and the FLSA Collective Action Plaintiffs wages for all hours worked in violation of the FLSA and the regulations promulgated thereunder;

d.      whether Defendants' violations of the FLSA are willful as that term is used in the context of the FLSA;

e.      whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

f.      whether Defendants should be enjoined from such violations of the FLSA in the future.

30.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

31.    With respect to Defendants' violations of the NYLL, Plaintiffs bring this lawsuit against Defendant on their own behalf for their damages resulting from Defendants' violation of the NYLL on or after January 18, 2012 (six years before the filing of this Complaint) (the "NYLL Claims Period").

## **STATEMENT OF FACTS**

32.    Plaintiff was hired by Defendants on or about December 2008.  At that time, Defendant was not provided with a title, job description or notice of wages.

33.    In his capacity as an employee of Defendants, Plaintiff primarily served as a financial counselor to Defendants.  In addition, Plaintiff also served as a supervisor of asset acquisition and/or sales (i.e. an in-house sales and purchases broker), and office manager.   Plaintiff's responsibilities included but were not limited to:

- Developing job descriptions for employees in the Operations and Accounting departments;

- developing an employee handbook;

- monitoring vacation time and days off for New York staff employees;

- assisting in the negotiations of a loan with the Royal Bank of Scotland (RBS);

- assisting in the negotiations of a loan with Calyon Bank (Paris) for a $30,000,000 secured term loan facility;

- maintaining the bank relationship with the Royal Bank of Scotland subsequent to the submission of RBS' Reservation of Rights in order to avoid having RBS repossess or arrest the assets under the control of the Defendants;

- working directly with attorneys in London to prepare the Company's case for a multi-million dollar lawsuit;

- assisting in the negotiations of  "Forbearance & Conditional Settlement Agreement" with RBS regarding the default of secured loan facility;

- preparing detailed and extensive monthly cash flow statements;

- Negotiating and completing transactions for the purchase or sale of approximately $93,000,000 of assets under the control of the Defendants;

- developing a relationships with banks throughout the world for the purpose of securing alternative finance in order to avoid the potential foreclosure action;

- negotiations, documentation, etc. for the sale and lease back of the shipping assets to avoid the potential foreclosure by RBS;

- maintaining relationships with banks and third parties in order to avoid additional potential foreclosure and repossession actions for shipping assets under the control of the Defendants;

- orderly receipt, during an 18 month period, of funds from banks and third parties;

- maintaining relations and essential functions (discovery, interrogatories, etc.) with Defendant's attorneys in order to pursue action against TPG Special Situation Partners;

- evaluating various alternatives for new office premises in order to accommodate the company's downsizing and to reduce overhead costs/expenses;

- evaluating various alternatives to the corporate structure(s) in order to minimize overall risk (including personal liability and tax exposure) for the Defendants;

- evaluating various alternatives to the staffing and organizational requirements within the constraint of the owner's non-payment of wages to various staff members which resulted in lower quality work output and/or resignations of staff members;

- assisting with the bank relationship with Calyon Bank subsequent to the Defendants' company loan default of the $30,000,000 term loan facility; and

- preparing the required detailed cash flow statements and analysis in order to re-negotiate term loan facility with Calyon bank.

34.    At the time of his hire, Plaintiff's salary was $60,000 per year.

35.    Plaintiff continued to work for Defendants through and including June 9, 2017.

36.    On or about October 2014 Defendants increased Plaintiff's salary to $150,000 per year.

At that time, Plaintiff was not provided with any wage statement or wage payment forms.

37.    Starting November 2016, Defendants stopped paying Plaintiff his regular wages.

38.    Defendants failed to pay Plaintiff his salary on the following dates:

    a.    November 4, 2016;

    b.    November 11, 2016;

    c.    December 16, 2016;

    d.    January 13, 2017;

    e.    January 20, 2017;

    f.    January 27, 2017;

    g.    February 10, 2017;

    h.    February 17, 2017;

    i.    February 24, 2017;

    j.    March 3, 2017;

    k.    March 10, 2017;

    l.    March 17, 2017;

    m.    March 24, 2017;

    n.    March 31, 2017;

    o.    April 7, 2017;

    p.    April 14, 2017;

    q.    April 21, 2017, and

    r.    April 28, 2017.

39.    Then, effective May 1, 2017 (for weekly pay period ending May 5, 2017), Defendants reduced Plaintiff's salary back to $60,000.00.  At that time, Plaintiff was not provided with any wage statement or wage payment forms.

40.    Despite lowering his rate of pay, Defendants failed to pay Plaintiff his salary on the following dates:

    a.   May 26, 2017;

    b.   June 2, 2017; and

    c.   June 9, 2017.

41.    Between November 2016 and Plaintiff's resignations, Defendants only made the following wage payments:

    a.   November 18, 2016 (paid late);

    b.   November 25, 2016 (paid late);

    c.   January 1, 2017 (paid late);

    d.   January 6, 2017 ($2,884.62) (late payment made Jan. 9th);

    e.   February 3, 2017 ($2,884.62) (late payment made Feb 7th);

    f.   May 5, 2017 ($1,153.85);

    g.   May 12, 2017 ($1,153.85); and

    h.   May 19, 2017 ($1,153.85).

    i.   On July 3, 2017 two payments of $2,884.62 were made to Plaintiff as they were past due wages from the weekly pay periods ending August 12, 2016 and October 28, 2016 (325 days late and 248 days late respectively).

42.    On June 9, 2017, Plaintiff was laid off.

43.    Total unpaid wages due to Plaintiff, at the time of his resignation is $55,384.71.

44.    Defendants have bandied about various excuses for their failure to pay wages, but nevertheless continued in their refusal to pay wages.

45.     Defendants variously apologized for missed wage payments and promised to repay back wages due, but nonetheless continued in their refusal to pay wages.

46.     Upon information and belief, from October 2016 to present, Defendants' U.S.-based employees have experienced a similar pattern of non-payment of wages.

47.     Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants.

48.     At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA, the NYLL and their respective implementing regulations.

49.     Plaintiff did not have the power to hire or fire employees or to set wages or schedules.

50.     Defendants were aware of the fact that Plaintiff was working and not receiving compensation.

51.     Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants failed to post or keep a posted notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

52.     Defendants benefitted from the work that Plaintiff performed.

53.     Upon information and belief, throughout all relevant time periods, Defendants willfully failed to provide at the workplace, or otherwise provide to Plaintiff, the proper notices or posting regarding the applicable wage and hour requirements, including overtime pay rights, as required by the FLSA and NYLL.

54.     Throughout all relevant time periods, Defendants failed to provide Plaintiff with any written notice of his hours, rate of pay, payday or other terms of employment in violation of the NYLL §191(1).

55.     Upon information and belief, throughout all relevant time periods, Defendants failed to provide Plaintiff with wage statements in violation of the NYLL § 191(5).

56.     Defendants willfully and repeatedly have violated the record keeping requirements of the FLSA and the NYLL, in that Defendants failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions of employment which they were required to maintain.   Specifically, Defendants failed to make, keep and preserve adequate records of wages paid with respect to Plaintiff and any records Defendants did keep failed to show adequately and accurately, among other things, the term worked by Plaintiff and his total earnings for each workweek.

57.     From November 4, 2016 through June 6, 2017, Defendants failed to comply with 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled.

58.     Defendants have engaged in a widespread pattern, policy and practice of violating the FLSA and NYLL, as described in this Complaint.

59.     From August 2016 through June 6, 2017, Defendants did not keep or maintain records pertaining to Plaintiff, and did not pay him on a regular basis (or, frankly, at all) as required by the FLSA and NYLL.

**COUNT I**
**By Plaintiff and All Collective Action Members**
**Fair Labor Standards Act – Failure to Pay Wages**

60.     Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.    At all relevant times, Defendants employed Plaintiff and all Collective Action Members within the meaning of the FLSA.

62.    At all relevant times, Plaintiff and all Collective Action Members were employed by Defendants in an enterprise engaged in commerce within the meaning of the FLSA with annual gross revenues of not less than $500,000.00.

63.    Defendants failed to pay Plaintiff and all Collective Action Members the applicable minimum wage in violation of the FLSA.

64.    Defendants had no reasonable grounds for believing that their failure to pay Plaintiff's and Collective Action Members' wages was not a violation of the FLSA.  Defendants' failure to pay Plaintiff was willful and not in good faith.

65.    Plaintiff and all Collective Action Members have been damaged in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages equal to 100% of their unpaid wages, interest, attorneys' fees and costs.

## COUNT II
### By Plaintiffs
### New York Labor Law – Failure to Pay Wages

66.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67.    At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

68.    At all relevant times, Defendants acted as employers under the NYLL

69.    Throughout the term of Plaintiff's employment, Defendants knowingly suffered or permitted Plaintiff to work significant time without payment of wages.

70.    Defendants' withholding of wages was willful, having been done knowingly, deliberately and voluntarily in disregard of their obligations.

71.    Plaintiff has been damaged in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages equal to 100% of their unpaid wages, interest, attorneys' fees and costs.

### COUNT III
### By Plaintiff
### New York Labor Law §195 (1) and (3)

72.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73.    Defendants willfully failed to supply Plaintiff with the required notice pursuant to the NYLL, violating New York Labor Law §195(1).

74.    Defendants willfully failed to supply Plaintiff with the statements required under the NYLL with every payment of wages, violating New York Labor Law §195(3).

75.    Due to Defendants' violations of the New York Labor Law §195(1), Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violations occurred up to a total of five thousand dollars ($5,000.00), as provided for by New York Labor Law §198(1)-b, plus reasonable attorneys' fees, costs, injunctive and declaratory relief.

76.    Due to Defendants' violations of New York Labor Law §195(3), Plaintiff is entitled to recover from Defendants one hundred dollars ($100.00) for each work week that the violations occurred up to a total of five thousand dollars ($5,000.00) per plaintiff, as provided for by the New York Labor Law §198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.  Despite due demand, Defendants have failed or refused to pay all compensation due to Plaintiff for said services, thereby unjustly enriching themselves to Plaintiff's detriment, and causing Plaintiff to suffer damages in an amount to be determined at trial, plus interest.

### COUNT IV
### By Plaintiff

**Breach of Contract**

77.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.    At all times, Plaintiff was qualified for his position with Defendants, performed well and fully performed any contractual or other legal obligations, if any, to Defendants.

79.    Defendants breached their contractual obligations to Plaintiff by, *inter alia*, failing to pay Plaintiff wages due and owing to him.

80.    Plaintiff has been damaged by Defendants' unlawful conduct.

81.    Defendants' conduct, as alleged herein, constitutes a breach of Defendants' contractual obligation to pay Plaintiff his wages and, therefore, a  breach of contract.

82.    By reason of the foregoing, Plaintiff has been damaged and is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation, damages caused by Defendants' unlawful conduct, in an amount to be determined.

**COUNT V**
**By Plaintiff**
**Unjust Enrichment**

83.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

84.    As described, *supra*, Plaintiff provided valuable services to Defendants throughout his tenure.

85.    Defendants accepted Plaintiff's services with the knowledge that they would have to compensate Plaintiff for such services.

86.    Defendants failed to pay Plaintiff the amounts due to him.

87.    By reason of the foregoing, Plaintiff has been damaged and is entitled to compensation for the reasonable value of his services in an amount to be determined at trial, plus interest and costs.

## COUNT VI
## By Plaintiff
## Quantum Meruit

88.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

89.    As described, *supra*, Plaintiff provided valuable services to Defendants throughout his tenure.

90.    Defendants accepted Plaintiff;s services with the knowledge that they would have to compensate Plaintiff for such services.

91.    Defendants failed to pay Plaintiff the amounts due to him.

92.    By reason of the foregoing, Plaintiff has been damaged and is entitled to compensation for the reasonable value of his services in an amount to be determined at trial, plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)    Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States and the State of New York;

(b)    Enjoin and permanently restrain the Defendants' violations of the laws of the United States, and the State of New York;

(c)    Designation of this action as a collective action on behalf of the Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Plaintiffs of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting

them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action Plaintiffs;

(d)     A compensatory award of unpaid compensation due under the FLSA and New York Labor Law to Plaintiff;

(e)     An award of liquidated damages as a result of Defendants' willful failure to pay compensation pursuant to 29 U.S.C. §216 and New York Labor Law to Plaintiff;

(f)     one hundred dollars for each work week that the violations of NYLL § 195(3) occurred or continue to occur, or a total of five thousand dollars, as provided for by NYLL § 198(1)-d to Plaintiff;

(g)     fifty dollars for each work week that the violations of NYLL § 195(1) occurred or continue to occur, or a total of five thousand dollars each, as provided for by NYLL § 198(1)-b to Plaintiff;

(h)     An award of compensatory damages plus interest as a result of Defendants' breach of contract;

(i)     Judgment for interest (including pre-judgment interest);

(j)     Judgment awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(k)     Such other and further relief as to this Court appears necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

18

Dated: New York, New York
             March 1, 2018

Respectfully Submitted,

GRANOVSKY & SUNDARESH PLLC

By:_____
        Alexander Granovsky (AG-6962)
        48 Wall Street, 11th Floor
        New York, NY 10005
        Tel: (646) 524-6001
        ag@g-s-law.com
        *Counsel for Plaintiff*

*EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH MAGLIOZZO on behalf of himself and all others persons similarly situated | : |
| | : |
| | : Civil Action No.: |
| Plaintiff | : |
| | : |
| v. | : **CONSENT TO BE A PARTY** |
| | : **PLAINTIFF** |
| INDEPENDENCE MARITIME AGENCY, INC., | : |
| PHYLLIS NOTIAS, individually, and NICHOLAS | : |
| X. NOTIAS, individually. | : |
| | : |
| Defendants. | : |
| | : |

JOSEPH MAGLIOZZO states:

1. I am a plaintiff in the above-captioned action. My address is 30 Portofino Drive, Hamilton, NJ 08691.
2. Pursuant to 29 USC §216(b), this action asserts claims under the Fair Labor Standards Act ("FLSA"), 29 USC §201 et seq. on behalf of myself and all other employees similarly situated. Pursuant to 29 USC§§2016(b) and 256, I consent to being a party plaintiff in this action and to the filing and prosecution of the above referenced FLSA claims on my behalf and on behalf of all other employees similarly situated.

_____
Joseph Magliozzo